IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DARRON MORGAN,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:11cv124 |
| | § | |
| **TDCJ MCCONNELL UNIT, ET AL.,** | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate assigned to the McConnell Unit of TDCJ-CID. He alleges in this lawsuit filed pursuant to 42 U.S.C. § 1983 that certain defendants were deliberately indifferent to his serious medical needs (D.E. 1, 11). Pending is plaintiff's second motion for appointment of counsel (D.E. 34).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. The retained claims against defendants Herrera and Burgin involve their failure to treat and improperly treating plaintiff's medical conditions. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. At his evidentiary hearing, these observations were confirmed. Plaintiff was able to concisely state facts in support of his claims. He appears, at this stage of the case, to be in a position to adequately investigate and present his case. Plaintiff complains of the inability to properly research his claims because he is currently housed in Administrative Segregation. The court has experience with numerous prior lawsuits successfully prosecuted *pro se* by inmates in Administrative Segregation. The fact that plaintiff does not have access to a *Black's Law Dictionary* does not make his claims impossible to pursue. If plaintiff needs additional time to conduct discovery or complete legal research because of his confinement in Administrative Segregation, he may file a motion requesting more time. Plaintiff has filed numerous pleadings and so there is no evidence that he is being denied sufficient paper and pens to pursue his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. The case has not been set for trial, and dispositive motions are not due until January 20, 2012.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 34) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 14th day of October, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE