IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRON MORGAN, § | | |
|    TDCJ-CID #1582430, § | | |
| § | | |
| VS. § | Case No. 2:11cv124 | |
| § | | |
| MAXIMILIANO HERRERA, ET AL. § | | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
SECOND MOTION TO COMPEL DISCOVERY**

Pending is plaintiff's second motion to compel discovery. (D.E. 44). Defendants have filed a response in opposition (D.E. 45, 46), to which plaintiff has filed a reply. (D.E. 48). For the reasons stated herein, plaintiff's motion to compel (D.E. 44), is denied.

**I.     Procedural Background.**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He properly filed his original complaint on May 27, 2011, alleging that certain medical providers working at the McConnell Unit were deliberately indifferent to his serious medical needs when, for over eight months, they failed to diagnose or treat properly a painful and reoccurring skin condition that was eventually determined to be Scabies. (*See* D.E. 11).

A *Spears*[1] hearing was conducted on July 14, 2011, following which plaintiff's Eighth Amendment claims against Dr. Maximiliano Herrera and Practice Manager William Burgin

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

were retained, and service ordered on these defendants.  (*See* D.E. 14 - 16, 17).  On September 16, 2011, defendants filed their answer.  (D.E. 28).

On September 29, 2011, plaintiff filed a motion for production of documents.  (D.E. 31).  The motion was struck (D.E. 33) because discovery is not filed with the Court.  (*See* L.R. 5.5).

On October 26, 2011, plaintiff filed his first motion to compel discovery (D.E. 37), to which defendants filed a response.  (D.E. 39).  On November 3, 2011, plaintiff's motion to compel was denied without prejudice.  (D.E. 40).

On November 4, 2011, defendants' counsel received from plaintiff two sets of interrogatories, one addressed to Dr. Herrera, and the other addressed to Mr. Burgin, and a second request for production.  (*See* D.E. 46, ¶ 1).

On December 7, 2011, plaintiff filed a letter with the Court pointing out that defendants had failed to respond to the interrogatories or the second request for production.  (D.E. 42).  On December 13, 2011, defendants filed a notice of supplemental disclosure indicating they had disclosed all "relevant documents and information."  (D.E. 43).

On December 16, 2011, plaintiff filed his second motion to compel (D.E. 44), and on December 21, 2011, defendants filed a response in opposition.  (D.E. 45, 46).

On January 3, 2012, plaintiff filed a reply concerning the second motion to compel.  (D.E. 48).

On January 20, 2012, defendants filed under seal a motion for summary judgment.  (D.E. 52).

## II.     Instant Motion to Compel.

In his motion to compel (D.E. 44), plaintiff states that defendants have failed to produce "all medical related information, analysis including, but not limited to the side effects of the medication double antibiotic ointment; ... any and all electronically stored research and analysis of the medication double antibiotic ointment when used internally; and ...any and all medical related information, analysis pertaining to Kenalog injections risk, side effects, etc." (D.E. 44 at 1).

Defendants maintain that they have provided all medical information available concerning the double antibiotic ointment, as well as the Kenalog injections.

## III.    Discussion.

The Federal Rules of Civil Procedure detail the manner in which discovery is to be conducted in this action. *See generally*, Fed. R. Civ. P. 26 - 37. In the Fifth Circuit, it is well-established that discovery is not to be used as a fishing expedition. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 28 F.3d 1388, 1396 (5th Cir. 1994).

### A.    Double antibiotic ointment.

Defendants have provided to plaintiff the warnings and side-effects associated with the ointment. (*See* D.E. 46, Ex. A). However, defendants state that they are unable to determine what ***brand*** of the ointment was provided to plaintiff. Counsel for defendants states that he contacted the Department of Legal Affairs for the University of Texas Medical Branch ("UTMB") concerning the exact brand and was advised that the UTMB's pharmacy

3

stocks a number of different brands of the ointment at any point in time.  (D.E. 46 at ¶ 3). Defendants' counsel obtained the medical insert for a double antibiotic ointment currently in stock at UTMB Pharmacy, identified as "Bacitracin Zinc and Polymyxin B Sulfate Ointment," and sent this to plaintiff.  (*Id.*, Ex. C).  Plaintiff states that "Bacitracin Zinc and Polymyxin B Sulfate Ointment" was *not* the double antibiotic prescribed to him.  (D.E. 48).

It is not known whether or not all double antibiotic ointments contain the two same antibiotics and in the same ratios.  If all medications classified as "double antibiotic ointments" *do* contain the same medicines in the same dosages, then whether plaintiff received Brand A or Brand B is of no concern because he does not claim that defendants intentionally chose a cheaper brand of ointment or a generic brand over label.  However, if there are many different combinations of antibiotics characterized as double antibiotic ointments, and defendants are unable to determine what antibiotics were in the ointment given to plaintiff, plaintiff may use this fact in defending against summary judgment or at trial.  However, defendants cannot be compelled to produce information that is not available to them.

Similarly, if the ointment is prescribed to be used topically, defendants' response that there is no information or studies concerning the effects of the ointment if taken internally appears reasonable.  Again, however, if plaintiff contends that he was instructed to use the medication in a manner different then its intended use, he may argue this point.

Concerning the Kenalog injections, defendants produced to plaintiff copies of the warnings and side-effects for Kenalog-10 and Kenalog-40. (*Id.*, Ex. B). This response is appropriate to plaintiff's discovery request.

**IV.   Conclusion.**

Defendants have adequately responded to plaintiff's discovery requests. Accordingly, plaintiff's instant motion to compel (D.E. 44) is denied.

ORDERED this 25th day of January, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE