IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRON MORGAN, | § | |
| Plaintiff, | § | |
| V. | § | C.A. NO. C-11-124 |
| | § | |
| TDCJ McConnell Unit, et al., | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR RULE 60(b) RELIEF**

Pending is plaintiff's motion to present new evidence (D.E. 89). Treating plaintiff's motion as a motion for relief pursuant to FED. R. CIV. P. 60(b), it is respectfully recommended that the motion be denied.

## I. Background

In plaintiff's lawsuit, filed pursuant to 42 U.S.C. § 1983, he complained that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they were deliberately indifferent to his serious medical needs. Final judgment granting the defendants' motion for summary judgment was entered May 10, 2012 (D.E. 66, 67). Plaintiff timely filed his notice of appeal (D.E. 68), which is still pending.[1]

On November 23, 2012, plaintiff filed a motion, docketed as a motion to present new evidence, claiming that he had surgery to reconstruct his nasal passages, and one of the drugs he had been prescribed earlier was not FDA approved (D.E. 89).

---

[1] The District Court may, while an appeal is pending, consider and deny a Rule 60(b) motion, but must seek permission from the appellate court to *grant* the motion. *Thermacor Process, L.P. v. BASF Corp.* 567 F.3d 736, 744 (5th Cir. 2009).

## II. Discussion

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury,* 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within twenty-eight (28) days of entry of judgment the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.* In this case, final judgment was entered on May 10, 2012 (D.E. 67). Plaintiff's motion was filed on November 23, 2012, more than twenty-eight (28) days of entry of final judgment, and is considered properly under Rule 60(b).

Rule 60(b), Federal Rules of Civil Procedure, states in pertinent part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>  (4) the judgment is void;
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>  (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Though plaintiff does not cite rule 60(b), he is obviously proceeding pursuant to Rule 60(b)(2) because he alleges that he would like to present newly discovered evidence. The rule requires that the newly discovered evidence must be evidence that could not have been discovered in time to move for a new trial under Rule 59(b). FED. R. CIV. P. 60(b)(2).

Final judgments should not be lightly disturbed. *In re Marinez*, 589 F.3d 772, 776-77 (5th Cir. 2009). To obtain Rule 60(b)(2) relief, a movant must demonstrate that he exercised due diligence in obtaining the information and the evidence is material and controlling and clearly would have produced a different result if present before the original judgment. *Thermacor,* 567 F.3d at 744 (citations and quotations omitted). It will be assumed for purposes of this motion that plaintiff exercised due diligence.

In granting summary judgment, the District Court found that the plaintiff had not produced sufficient evidence to overcome the defendants entitlement to qualified immunity (D.E. 61, 66). A mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Nor is an incorrect diagnosis actionable because the deliberate indifference standard has not been met. *Domino v. Texas Dep't. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The medical records of the treatment provided to plaintiff demonstrate that plaintiff had severe allergies and asthma (D.E. 49). He received frequent attention for these problems (D.E. 49). In his motion for a new trial, plaintiff claims that he had to have surgery to repair his alimentary canal and nasal passages (D.E. 89). If anything, this evidence confirms that defendants were not deliberately indifferent to plaintiff's serious medical needs by providing

3

him with the surgery he evidently needed.  Plaintiff also claims that one of the drugs he was prescribed was not FDA approved (D.E. 89), without explaining how this information would have produced a different result in the original judgment.  Plaintiff has not met his burden to overcome the finality of the judgment.  He is not entitled to relief.

Finally, although not mentioned by plaintiff, subdivision (6) permits relief from a judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  This provision is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  In order to prevail on a motion brought under subdivision (6), plaintiff must show that "extraordinary circumstances are present." *Id.*  Plaintiff has shown no extraordinary circumstances.  His disagreement with the final judgment is not an extraordinary circumstance entitling him to relief.

### III.  Recommendation

It is respectfully recommended that plaintiff's to present new evidence, treated as a motion pursuant to FED. R. CIV. P. 60(b) (D.E. 89), be denied.

Respectfully submitted this 8th day of February, 2013.

 _____
 B. JANICE ELLINGTON
 UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).